UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
INTERPOOL, INC. d/b/a TRAC INTERMODAL,

                                                Plaintiff,

        -against-

JJS TRANSPORTATION &
DISTRIBUTION CO., INC.,

                                                Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-01103 (JMA) (JMW)

**AZRACK, United States District Judge:**

       Plaintiff Interpool, Inc. ("Interpool") alleges that Defendant JJS Transportation & Distribution Co., Inc. ("JJS") breached the parties' contract by failing to pay for truck chassis leased by Interpool to JJS. (See Compl., ECF No. 1.) Currently before the Court is Interpool's motion for a default judgment. (ECF No. 37.) Interpool seeks recovery of the outstanding amount due under the contract, plus interest and attorney's fees and costs. For the following reasons, the motion is GRANTED.

## I.    DISCUSSION

### A.    Defendant Defaulted

       JJS was properly served with a summons and the complaint. Although it previously filed an answer through counsel (ECF No. 10), JJS subsequently failed to abide by its discovery obligations and Court-ordered deadlines. As a result, on November 30, 2022, Magistrate Judge Wicks granted Interpool's motion for sanctions and ordered JJS, by January 11, 2023, to: (i) pay Interpool's attorney's fees incurred in connection with its motion to compel, and (ii) produce the documents requested by Interpool. (ECF No. 25.) Magistrate Judge Wicks also granted JJS's counsel's motion to withdraw based on counsel's representation that the attorney–client relationship had "irretrievably broken down and cannot be restored." (ECF No. 23.) Because JJS, as a corporation, cannot proceed pro se, Magistrate Judge Wicks afforded it until December 29,

2022 to secure new counsel.

After JJS failed to secure new counsel and otherwise communicate with the Court, Magistrate Judge Wicks scheduled a status conference for January 12, 2023, and warned JJS that "failure . . . to appear through counsel at the scheduled status conference could lead to a default." (Electronic Order dated Jan. 3, 2023.) JJS failed to appear at the status conference altogether. Interpool subsequently obtained a certificate of default from the Clerk of Court, (ECF No. 36), and filed the present motion.

Although "the typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer . . . [a] district court is also empowered to enter a default against a defendant [that] has failed to . . . otherwise defend." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (internal quotation marks and citations omitted); see also Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added)). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend,'" Mickalis, 645 F.3d at 129, including, as relevant here, an entity's willful disregard of a court order to appear through counsel. See Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) (affirming default judgment against limited partnership defendant based on "cavalier disregard for a court order" to appear through counsel); see also Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006) (noting that "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it" (quoting SEC v. Research Automation Corp., 521 F.2d 585 (2d Cir. 1975)), cert. denied, 549 U.S. 1114 (2007).

Based on the procedural history outlined above—in particular, JJS's repeated disregard of

2

Magistrate Judge Wicks' orders that it appear through counsel—the Court finds that JJS has defaulted.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Together, the allegations in the Complaint, along with the attached Equipment Interchange Agreement for Marine Chassis Pools, ("Agreement," ECF No. 1-2), and the Wolcott Declaration and attached materials, (ECF Nos. 40, 40-1), are sufficient to establish JJS's liability for breach of the Agreement.

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Interpool requests a monetary award comprised of the total outstanding balance ($1,237,713.00), plus pre- and post-judgment interest at either the contractual rate (24% per year) or the New York statutory rate (9% per year). The Court finds that Interpool's submissions establish

3

its requested damages to a reasonable certainty. Accordingly, Interpool is awarded $1,237,713.00, plus pre- and post-judgment interest at the contractual rate of 24%.[1]

### D. Attorney's Fees and Expenses

Finally, Interpool seeks $33,000 in attorney's fees and $2,167.94 in expenses pursuant to section 12 of the Agreement. This provision states that in the event of JJS's default on its payment obligations, JJS "shall pay to [Interpool] any and all attorneys' fees and expenses [Interpool] reasonably incurs in enforcing its rights" under the Agreement. (Agreement at 6.)

In evaluating Interpool's previous request for attorney's fees made in connection with its sanctions motion, Judge Wicks reduced its counsel's hourly rate from $500 to $400. The Court finds Judge Wicks' reasoning persuasive and therefore adopts it here, reducing Interpool's counsel's requested hourly rate from $500 to $400. As a result, Interpool is awarded $26,400.00 in fees, less the $2,720.00 in fees previously awarded by Judge Wicks, for a total of $23,680.00. The Court will also award $972.00 in expenses, comprised of the filing fee and process server fees.

## II. CONCLUSION

For the reasons stated above, Interpool's motion for a default judgment is GRANTED. Interpool is awarded the following:

- $1,237,713.00, the outstanding balance due under the Agreement;
- Pre-judgment interest at a 24% annual rate, from September 1, 2022;
- Post-judgment interest at a 24% annual rate; and

---

[1] The usury statutes of New York and New Jersey, the chosen law in the parties' contract, do not apply to interest on a corporation's defaulted obligations. See Manfra, Tordella & Brookes, Inc., v. Bunge, 794 F.2d 61, 63 n.3 (2d Cir. 1986) ("[U]sury laws do not apply to defaulted obligations."); see also Jackson Hewitt Inc. v. Excellent Pro. Servs. LLC, No. 08-CV-5237, 2011 WL 317969, at *1–2 (E.D.N.Y. Jan. 31, 2011) (citing N.J. Stat. Ann. § 31:1–6).

- $23,680.00 in attorney's fees, plus $972.00 in expenses.

The Clerk of Court is respectfully directed to enter judgment accordingly and close this case. Plaintiff shall mail a copy of this Order and the Judgment to Defendant at its last known address.

**SO ORDERED.**

Dated: September 1, 2023
      Central Islip, New York

                                              /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE